IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

THE ESTATE OF JACKSON LEE SRADER,
A deceased minor, by and through Co-personal
Representatives, JENNIFER SRADER and
TIM SRADER, and as Parent and Next Friend
Of R.S., a minor, and JENNIFER SRADER
And TIM SRADER, Individually,

        Plaintiffs,

   v.                                                Civ. No. 23-32 MV-JHR

NORTHERN NAVAJO MEDICAL CENTER,
DEPARTMENT OF HEALTH AND HUMAN
SERVICES, INDIAN HEALTH SERVICE,
THE UNITED STATES OF AMERICA,
ADRIENNE MOORE, M.D., SUZANNE J.
ATTEBERRY, DO, ROBERT MILLS, RN and
REANNE IRVIN, RN, And RAQUEL R.
RAMAL, RNC-MNN,

        Defendants.

## ORDER GRANTING IN PART MOTION TO STAY DISCOVERY

Defendant United States filed its Motion To Stay Discovery and Vacate The Initial Scheduling Order on June 16, 2023. Doc. 36. Plaintiffs oppose the motion. The Court grants Defendant's motion to vacate the initial scheduling order. The Court grants in part, and denies in part, Defendant's motion to stay discovery. Specifically, the Court denies Defendant's motion to stay discovery related to initial disclosures but otherwise grants Defendant's motion to stay discovery.

The basis for Defendant's stay request is a dispositive motion contending that this Court lacks subject matter jurisdiction over all of Plaintiffs' claims against it. Doc. 13. Defendant argues that discovery is not necessary for or relevant to the motion to dismiss. Doc. 36 at 4.

This Court has broad discretion to stay proceedings incident to its power to manage its docket. *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Baca v. Berry*, 806 F.3d 1262, 1269 (10th Cir. 2015) ("the district court has the power to stay proceedings before it and to control its docket for the purpose of economy of time and effort for itself, for counsel, and for litigants"); *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1310 (10th Cir. 2010) ("Discovery and scheduling are matters within the district court's broad discretion."); *King v. PA Consulting Group, Inc.*, 485 F.3d 577, 591 (10th Cir. 2007) (the court has broad discretion to manage the progression of discovery). The Court may also issue a stay of discovery pursuant to Federal Rule of Civil Procedure 26(c), which for good cause shown allows the Court to limit discovery to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

It is appropriate for a court to stay discovery until a pending dispositive motion is decided where "the case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through uncompleted discovery would not affect the resolution of the motion; or where discovery on all issues of the broad complaint would be wasteful and burdensome." *Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994). The Court finds these circumstances present in this case. The pending motion is dispositive as to all claims and Plaintiffs have not informed the Court what discovery it needs to oppose the motion. Plaintiffs argue "The Srader family require facts from Defendants to determine what went wrong," Doc. 38 at 3, but this appears to

pertain to the merits of Plaintiffs' case and not Defendant's arguments for dismissal. Nor do Plaintiffs explain why they need such fact discovery before the motion to dismiss is decided.

Instead, Plaintiffs argues that Defendant bears a "difficult" burden in seeking a stay and a stay should be denied in all but "exceptional" circumstances. Doc. 38 at 4-5. The Supreme Court case Plaintiffs cite does not support this principle. *Clinton v. Jones* holds that a party seeking a stay bears the burden of establishing its need but does not refer to this burden as "difficult." 520 U.S. 681, 708 (1997). Instead, it is a balancing test within the district court's discretion, assessing a party's interest in a stay against the harm of a stay. *Id.* at 706-08. Plaintiffs' Tenth Circuit citation, *Commodity Futures Trading Commission v. Chilcott Portfolio Management, Inc.*, expresses concerns about a stay when the stay would affect third parties. 713 F.2d 1477, 1484 (10th Cir. 1983). That is not the case here.

The Court finds that Defendant's interest in a stay is high, given that Defendant asserts that the Court lacks subject-matter jurisdiction over the claims against it, and if Defendant's motion is successful, all claims would be dismissed. On the other hand, Plaintiffs assert only generally that their case will succeed on the merits. Assuming that Plaintiffs are correct and Defendant's motion to dismiss is denied, however, Plaintiffs can take discovery at that point. Plaintiffs do not assert any specific arguments showing why a delay would harm them and what discovery is necessary prior to a decision on the motion to dismiss. If Plaintiffs need specific jurisdictional discovery to oppose the motion to dismiss, Plaintiffs should file a motion setting forth specific discovery requests and explaining why such requests are necessary to oppose the motion to dismiss.

However, Plaintiffs also request that, even if the Court stays discovery, "the parties be allowed to complete threshold discovery tasks, such as (1) a Rule 26(f) conference and Rule

3

26(f) report; (2) Initial disclosures under Fed. R. Civ. P. 26(a); (3) disclosure of information about Defendant Robert Mills, RN." Doc. 38 at 9. The Court finds that the burden of exchanging initial disclosures is ordinarily not high. The Court will therefore order the parties to exchange initial disclosures as required by Rule 26(a) within 14 days of the date of this Order. This requirement will also apply to Defendant Mills when he appears in the case; Defendant Mills' initial disclosures shall be due 14 days from the date of the filing of his answer or other responsive pleading. These time periods are subject to reasonable extensions of time by the parties' stipulation or subsequent Court order. If exchanging initial disclosures is particularly burdensome for any party, including the United States, that party may file a motion for protective order setting for the basis for such a contention.

      The Court finds that a Rule 26(f) report, or Joint Status Report, would not be useful at this stage of the case (before the motion to dismiss is decided). Therefore, the Court denies Plaintiffs' request for such a report and vacates the current JSR deadline.

      THEREFORE, IT IS ORDERED THAT Defendant's Motion To Stay Discovery and Vacate The Initial Scheduling Order, Doc. 36, is granted in part. IT IS FURTHER ORDERED THAT:

      1.    Except as provided below, all discovery is stayed until the Court issues a decision on Defendant's Motion to Dismiss in Lieu of Answer, Doc. 13. Except as specified below, all deadlines and hearings in the Court's Initial Scheduling Order (Doc. 35) are vacated.

      2.    All parties appearing in the case must serve initial disclosures as required by Rule 26(a) within 14 days of the date of this Order.

5

    3.     Defendant Robert Mills, RN must serve initial disclosures as required by Rule 26(a) within 14 days of the date of the filing of his responsive pleading.

    SO ORDERED.

                                          _____
                                          STEVEN C. YARBROUGH
                                          UNITED STATES MAGISTRATE JUDGE